IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MARATHON RESOURCE MANAGEMENT GROUP, LLC,<br>　　　　Plaintiff,<br><br>v.<br><br>C. CORNELL, INC. dba CERTA PRO PAINTERS OF COLLEGE STATION,<br>　　　　Defendant. | Civil Action No. 3:19-cv-89 |

## MEMORANDUM IN SUPPORT OF MOTION FOR
## RELIEF FROM ORDER UNDER RULE 60

　　　　Plaintiff, Marathon Resource Management Group, LLC ("Marathon"), by counsel, states the following in support of Marathon's Motion for Relief from this Court's June 23, 2020 Order[1]:

　　　　1. Under the Federal Rules of Civil Procedure Rule 60(b), "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:(1) mistake, inadvertence, surprise, or excusable neglect; [*nonrelevant sections intentionally omitted*] (6) any other reason that justifies relief.

　　　　2. The Fourth Circuit and other Federal Circuit Courts have long held that Federal Rule 60(b) should be liberally construed, and any doubt resolved in favor of application to set aside a judgment in order that case may be tried upon the merits. *Huntington Cab Co. v. American Fidelity & Cas. Co.,* 4 F.R.D. 496, 498 (S.D.W.Va., 1945), *Maryland Cas. Co. v. Rickenbaker,* 146 F.2d 751, 753 (4th Cir. 1945); *In re Casco Chemical Co.,* 335 F.2d 645, 652 (5th Cir. 1964); *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242 (3d Cir. 1951); 487 F.2d 1395 (1973), affirming without published opinion. (citations omitted)

---

[1] ECF No. 27

3. Based upon the *Memorandum Opinion*[2] issued on June 23, 2020, the accompanying Order issued by this Court on the same date is premised on the factual mistake that counsel for the Defendant contacted the judge's chamber in satisfaction of E.D. Va. Loc. Civ. R. 7(E) (hereinafter, "LCR 7(E)").

4. The Court denied the *Motion for Default* without addressing any of the relevant law or facts addressing the motion, but instead by summarily stating in a footnote, that Defendant's counsel had some alleged communication with chambers that was sufficient to satisfy this rule. This note does not state who contacted chambers on behalf of CertaPro, whom they spoke with, when the call occurred, or any other facts that would allow Plaintiff to vet the validity of such a claim. Of note, this *Memorandum Opinion* is the first time any communication between Defendant's counsel and chambers has been alleged, mentioned, or even suggested with regard to setting their *Motion to Dismiss* for hearing.

5. Counsel for Defendant makes it clear in his *Response in Opposition to Marathon's Motion For Entry Of Default*[3] that no attempt to set this matter for hearing was made until December 9, 2019.

6. Counsel explicitly states in that response,

> "it is Certa Pro's undersigned counsel's experience and understanding that the judges of the Richmond Division of this Court generally decide motions to dismiss on the papers, and that oral argument on such motion is usually only provided at the request of the Court. Consequently, the undersigned counsel, as a practice, does not request hearings or provide a waiver of the same in the most cases. To the extent that counsel misapprehends the local practice, this attorney error easily satisfies the standard for avoiding judgment by default pursuant to Fed. R. Civ. P. Rule 6."

---

[2] ECF No. 26
[3] ECF No. 23

2

7. This amounts to an outright admission that the rule was not satisfied because counsel did not believe he had to follow those rules. This is despite the fact this Court's October 25, 2019 Order[4] explicitly states, "Any answer or responsive pleadings SHALL be filed in accordance with the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Virginia." *(emphasis original)*

8. To undersigned counsel's knowledge; nowhere in the Local Rules is there a procedure or rule that suggests the procedure as followed in this instance was appropriate; and no such rule or procedure has been cited.

9. Undersigned counsel for Plaintiff personally called judge's chambers and spoke with at least 3 different clerks about setting different motions for hearing. It appears chambers may have mistakenly attributed a call from Plaintiff's counsel, as a call from Defendant's counsel. Again, Defendant's counsel has never suggested in any record before this court that any attempt was made to set this matter for hearing prior to December 9, 2019[5].

10. It is also of serious concern that communication was held between Defendant's counsel and chambers, but it was not disclosed to opposing counsel at any time, until it was used as the sole substantive basis for denial of a motion more than six (6) months after its filing. Even if this communication occurred, which Defendant has never claimed it did, it is the Plaintiff's position that it would qualify as *ex parte* communication and thus be an inappropriate basis for deciding a motion before the Court.

11. Assuming *arguendo* Defendant's assertion that the deadline for setting this Motion was December 9, 2019; Defendant has still, to-date, failed to satisfy the requirements of LCR 7(E).

---

[4] ECF No. 13
[5] Marathon maintains the position that the December 9, 2019 attempt was faulty and in defiance of LCR 7(E).

Defendant argues that its unilaterally filed *Waiver of Oral Argument*[6] satisfies LCR 7(E). However, the second sentence of the rule states: "The moving party shall be responsible to set the motion for hearing <u>or to arrange with opposing counsel for submission of the motion without oral argument.</u>" (emphasis added) The rule explicitly requires arrangement with opposing counsel in order to have motions submitted without oral argument; interestingly the rule does not leave open the option for counsel for one party and chambers to make such a determination absent opposing counsel[7].

12. This requirement to confer with opposing counsel is again reiterated later in the rule when it discusses the proper procedure for scheduling a hearing. Regardless, of whether Defendant wished to have this motion determined with or without oral arguments, the rule requires the Defendant to confer with opposing counsel. Defendant has never suggested any attempt to confer with opposing counsel because Defendant has never, to-date, made any attempt to confer with opposing counsel regarding any matter before this Court. This court has held specifically that the "obligation to meet-and-confer in good-faith is a serious one."[8] Defendant has provided no law or argument as to why it should be allowed to ignore this obligation and have its unilateral *Waiver of Oral Argument* deemed a valid satisfaction of LCR 7(E).

13. Defendant elected to cite only a part of "LCR 7(E) in response to Marathon's *Motion for Entry of Default*[9], but the entirety of the rule is important because it contains multiple obligations upon a moving party, and clearly outlines the necessary steps to properly seat a motion before this

---

[6] ECF No. 22

[7] Counsel makes no argument as to the Court's undoubted authority to grant or deny an oral hearing. But notes that the rule requires inclusion of opposing counsel before a moving party can waive an oral argument.

[8] *Sydnor v. Fairfax County, VA*, No. 1:10-cv-934, at *2 (E.D. Va. Mar. 23, 2011) – finding "an email, in general, is not a sufficient means for meeting Rule 7(E), which explicitly requires either a meeting or a telephone call in a *good-faith* effort to narrow any disagreement. Thus, this Court hereby warns Defendant that the obligation to meet-and-confer in good-faith is a serious one, and that future violations may result in sanctions."

[9] ECF No. 21

Court. The entire rule reads:

> Except as otherwise provided by an order of the Court or by these Local Rules, all motions shall be made returnable to the time obtained from and scheduled by the Court for a hearing thereon. **The moving party shall be responsible to set the motion for hearing or to arrange with opposing counsel for submission of the motion without oral argument.** Unless otherwise ordered, **a motion shall be deemed withdrawn if the movant does not set it for hearing (or arrange to submit it without a hearing) within thirty (30) days after the date on which the motion is filed.** The non-moving party also may arrange for a hearing. **Before endeavoring to secure an appointment for a hearing on any motion, it shall be incumbent upon the counsel desiring such hearing to meet and confer** in person or by telephone **with his or her opposing counsel in a good-faith effort to narrow the area of disagreement.** In the absence of any agreement, such conference shall be held in the office of the attorney nearest the Court in the division in which the action is pending. In any division that has a regularly scheduled motions day, the motion should be noticed for the first permissible motions day. The hearing date of motions for summary judgment is also governed by Local Civil Rule 56. (*emphasis added*)

14. It is important to note this was CertaPro's second bite at this proverbial apple. CertaPro attempted to file a Motion to Dismiss in December 2018 but did not properly place that Motion before this Court. The Court graciously denied that motion without prejudice, only for CertaPro to refile the motion and again fail to follow the appropriate and explicitly stated procedures to have the motion properly placed before the Court.

15. It is also important to note in Virginia courts, where this case was originally filed and whose laws this Court agreed are applicable through a contracted choice of law clause[10], has found that on a sustained demurrer[11] plaintiffs have a right to amend their pleading; making an outright dismissal with prejudice an unfair resolution.

---

[10] ECF No. 13, p. 13
[11] The Virginia equivalent of Defendant's Rule 12(b)(6) Motion is a demurrer governed under VA Code § 8.01-273, which includes reference to Plaintiff's inherent right to amend.

5

16. The most recent Motion to Dismiss' filing was only allowed because the Court forgave the previous unexplained procedural errors of the defendant. For the Court to ignore those errors a second time would amount to a substantial injustice to Marathon, whose entire Complaint was dismissed without leave to amend or a chance to be heard at oral arguments.

17. The party who is being forgiven for the procedural errors of this Court is the party who removed the case to this Court. Defendant asked the EDVA to hear this case over Plaintiff's objection and for no other reason than because they can[12], as such it is only fair to hold Defendant to the standards of the Court where he has forced Plaintiff, against their will, to litigate.

18. Had this case remained in the Richmond Circuit Court, where there is no equivalent of LCRE 7(E) under Virginia law or the City of Richmond's courts' local rules, none of these withdrawal and default issues could have arisen. The circumstances that lead to the withdrawal of Defendant's motion are a function of choices made by Defendant. The defendant has demanded this case be heard in this Court, then blatantly and flippantly disregarded the rules of this Court on the grounds of "we don't normally follow those rules," allowing this is fundamentally unfair to the Plaintiff and relegates the rules to mere suggestions.

19. Marathon did not ask for this case to be heard in the Federal Courts, so for the Court to dismiss this case without an opportunity to amend the Complaint so that it may be better suited for this new forum, for which the Complaint was never intended; is fundamentally unfair. Especially, while the defendant has been given repeated attempts to cure what amounts to nothing less than inexcusable procedural errors, with no legal or other justification.

20. This court has found with respect to LCR 7(E), "A party whose attorney fails to 'act with

---

[12] Plaintiff understands jurisdiction is permissible in this Court but for the purpose of discussing fairness, it is important to recognize Defendant removed this case to this Court for their own reasons, that have never been based on facts of this case and instead have only been supported by their ability to do so.

diligence will be unable to establish that his conduct constituted excusable neglect.'"[13]

21. Marathon is not contending that Defendant's failure to properly set their motion is what creates their default. Instead, Marathon asserts that Defendant's failure to properly set their motion has caused the motion to be withdrawn by rule. Because this motion has been withdrawn, Defendant is now in a position with no responsive pleading before the Court more than 8 months after the Court's stated deadline to file responsive pleadings[14], thus creating the default.

22. Until the default is fully addressed and cleared by facts within the record, it is manifestly unfair for this Court to issue such a definitive ruling on a motion which by a clear reading of the rules and record was withdrawn by rule, and thus was no longer before the Court just as if it had been withdrawn by counsel.

23. The Court's *Order* dated June 23, 2020 is ruling upon a motion that was already withdrawn by rule, making it a mistake to be cured under Rule 60(b)(1) of the Federal Rules of Civil Procedure.

24. The Courts use of a phone call from Defendant's counsel, which Defendant's counsel never claims to have made, Defendant's counsel appears to have clearly admitted to not making, and which appears nowhere else in the record as grounds for denial of the *Motion for Default* is a mistake to be cured under Rule 60(b)(1).

25. The Court's *Order* to dismiss the *Complaint* without allowing the Plaintiff the right to amend the pleading is a fundamental unfairness when contrasted with the multiple attempts provided to the Defendant on their improperly filed Motions to Dismiss, and the procedure by which this case came before this Court; Rule 60(b)(6) allows the Court to correct this.

---

[13] *Liu v. Ma*, No. 1:15-cv-1026, 2016 WL 7229293, at *3 (E.D. Va. Dec. 14, 2016) (citing *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010)).
[14] The deadline to file responsive pleadings, as set by this Court's October 25, 2019 Order, was 14 days after entry of the Order; which calculates to November 8, 2019. (ECF No. 13).

**WHEREFORE**, the Plaintiff, Marathon, by counsel, respectfully requests that this Court grant Marathon's *Motion for Relief under Rule 60*; and (1) vacate the *Order* entered on June 23, 2020; (2) enter an Order recognizing the withdrawal of Defendant's *Motion to Dismiss* for failure to satisfy Local Civil Rule 7(E); and (3) grant Plaintiff a hearing on its *Motion for Entry of Default*; and award any additional relief as this Court deems just and proper including reasonable attorney's fees for these filings.

**Date:** July 28, 2020

Respectfully submitted,

By: /s/ Stephen Moncrieffe
        Counsel

Stephen B. Moncrieffe (VSB No. 83004)
Adam J. Deno (VSB No. 85192)
Marathon Resource Management Group, LLC
10469 Atlee Station Road. Ste 200
Ashland, VA 23005
Phone: 877-836-1984 x108
Fax: 804-368-0727
smoncrieffe@marathonrmg.com
adeno@marathonrmg.com
*Counsel for Marathon Resource Management Group, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of July, 2020 , I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Mark Richard Colombell, Esquire
Michael G. Matheson, Esquire
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, VA 23219-4140
Phone: 804-649-7545
Fax: 804-780-1813
mcolombell@t-mlaw.com
mmatheson@t-mlaw.com
*Counsel for C. Cornell, Inc. d/b/a*
*CertaPro Painters of College Station*

/s/ Stephen Moncrieffe
Stephen B. Moncrieffe (VSB No. 83004)
Adam J. Deno (VSB No. 85192)
Marathon Resource Management Group, LLC
10469 Atlee Station Road
Ashland, VA 23005
Phone: 877-836-1984 x108
Fax: 804-368-0727
E-mail: smoncrieffe@marathonrmg.com
*Counsel for Marathon Resource Management Group, LLC*

9