IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MARATHON RESOURCE**
**MANAGEMENT GROUP, LLC.,**

      **Plaintiff,**

v.                                           Civil Action No. 3:19cv89

**C. CORNELL, INC. D/B/A CERTA PRO**
**PAINTERS OF COLLEGE STATION,**

      **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on three motions:

(1)     Plaintiff Marathon Resource Management Group, LLC's ("Marathon") Motion for Relief from Order Under Rule 60 (the "Motion for Relief"), (ECF No. 28);

(2)     Marathon's Motion to Reopen Case, (ECF No. 30); and,

(3)     Marathon's Motion for Oral Hearing (ECF No. 33).

Defendant C. Cornell, Inc. d/b/a Certa Pro Painters of College Station ("Certa Pro") responded to the Motion for Relief, (ECF No. 31), and Marathon replied, (ECF No. 32). Certa Pro did not respond to Marathon's Motion to Reopen Case or Motion for Oral Hearing and the time to do has expired.

These matters are ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332(a).[1]

---

[1] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

For the reasons that follow, the Court will deny Marathon's Motion for Relief, the Motion to Reopen Case, and the Motion for Hearing.

## I. Factual and Procedural Background

### A. The Court Grants Certa Pro's Motion to Dismiss, and Denies Marathon's Motion for Entry of Default Judgment and Motion for Hearing

On June 23, 2020, the Court issued a Memorandum Opinion and Order in this matter, granting Defendant Certa Pro's Motion to Dismiss. (June 23, 2020 Mem. Op. & Order, ECF Nos. 26–27.) In its Memorandum Opinion and Order, the Court determined that Marathon failed to state a claim against Certa Pro for (1) breach of contract or (2) unauthorized communications. (June 23, 2020 Mem. Op. 5, ECF No. 26.)

The Court also denied Marathon's Request for Entry of Default Judgment (the "Motion for Default"), (ECF No. 21), and Motion for a Hearing, (ECF No. 25). In the Motion for Default, Marathon had asserted that Certa Pro "failed to properly set this motion for hearing in compliance with Local Civil Rule 7(E)." (Mot. Def. 1–2, ECF No. 21.) Local Rule 7(E) for the United States District Court for the Eastern District of Virginia provides, in pertinent part, that:

> [t]he moving party shall be responsible to set the motion for hearing or to arrange with opposing counsel for submission of the motion without oral argument. Unless otherwise ordered, a motion shall be deemed withdrawn if the movant does not set it for hearing (or arrange to submit it without a hearing) within thirty (30) days after the date on which the motion is filed.

E.D. Va. Loc. Civ. R. 7(E). The Court set forth two reasons for denying the Motion for Default and Motion for Hearing. First, the Court noted that "Certa Pro contacted the undersigned's chamber to request a hearing on the pending Motions to Dismiss, but the undersigned declined to

---

between . . . citizens of different States." 28 U.S.C. § 1332(a). Marathon is a citizen of Virginia, Certa Pro is a citizen of Texas, and the Complaint alleges damages exceeding $75,000.

2

set a hearing at that time." (June 23, 2020 Mem. Op. 2 n.4.) Therefore, the Court found that "Certa Pro fulfilled its obligations as to the Motion to Dismiss and the Court may properly consider its arguments." (*Id.*) Second, the Court found that a hearing would be unnecessary "because the materials before it adequately present the facts and legal contentions." (*Id.*) The Court accordingly denied both the Motion for Default and the Motion for Hearing.

Marathon did not seek leave to file an amended complaint, nor did it appeal the Court's June 23, 2020 Memorandum Opinion and Order. The time to appeal this Court's decision has expired.

### B. Marathon's Motion for Relief

Marathon timely filed a Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b).[2] In its Motion for Relief, Marathon now seeks relief from the Court's denial of its Motion for Default[3] on the grounds that this Court's June 23, 2020 Order "is premised on the factual mistake that counsel for the Defendant contacted the judge's chamber in satisfaction of E.D. Va. Loc. Civ. R. 7(E)." (Mem. Supp. Mot. Relief 2, ECF No. 29.)

Marathon submits that the Court denied its Motion for Default "without addressing any of the relevant law or facts addressing the motion, but instead by summarily stating in a footnote,

---

[2] Rule 60(b) allows the Court to relieve a party from:

a "final judgment, order, or proceeding" on the grounds of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . (6) [or] any other reason that justifies relief."

Fed. R. Civ. P 60(b).

[3] In its Motion for Relief, Marathon does not seek reconsideration of the Court's decision regarding Certa Pro's Motion to Dismiss.

3

that Defendant's counsel had some alleged communication with chambers that was sufficient to satisfy this rule. This note does not state who contacted chambers on behalf of CertaPro, whom they spoke with, when the call occurred, or any other facts that would allow Plaintiff to vet the validity of such a claim." (*Id.*) Marathon contends that such a communication may not have occurred, stating that "[u]ndersigned counsel for Plaintiff personally called judge's chambers and spoke with at least 3 different clerks about setting different motions for hearing." (*Id.* 3.) Marathon believes "chambers may have mistakenly attributed a call from Plaintiff's counsel, as a call from Defendant's counsel." (*Id.*)

Marathon states that Certa Pro's "failure to properly set their motion has caused the motion to be withdrawn by rule" and because "this motion has been withdrawn, Defendant is now in a position with no responsive pleading before the Court more than 8 months after the Court's stated deadline to file responsive pleadings." (*Id.* 7.)

Marathon also raises several other arguments unrelated to the Motion for Default. For instance, Marathon states that in Virginia state courts, "where this case was originally filed . . . plaintiffs have a right to amend their pleading; making an outright dismissal with prejudice an unfair resolution." (*Id.* 5.) Marathon also states that "[t]he most recent Motion to Dismiss' filing was only allowed because the Court forgave the previous unexplained procedural errors of the defendant." (*Id.* 6.)

## II. Analysis

The Court will deny Marathon's Motion for Relief because it has not shown (1) a meritorious claim or defense; or, (2) exceptional circumstances warranting relief from this Court's June 23, 2020 Order. Accordingly, the Court will also deny Marathon's Motion to

Reopen Case and, because the Court does not require a hearing on these matters, its Motion for Oral Hearing.

A. **Standard of Review: Rule 60(b)**

Federal Rule of Civil Procedure 60(b) allows a court to

> relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or, (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Providing relief under Rule 60(b) constitutes "an extraordinary remedy that should not be awarded except under exceptional circumstances." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.,* 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). As the United States Court of Appeals for the Fourth Circuit has stated, Rule 60 is "not meant to eviscerate the finality of judgments where the reasons for further consideration are less than compelling." *Am. Lifeguard Ass'n, Inc. v. Am. Red Cross*, 21 F.3d 421, 423 (4th Cir. 1994) (per curiam); *see also Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 101–02 (4th Cir. 1979) (stating that a district court has "the power in certain restricted circumstances to vacate judgments whenever such action is appropriate to accomplish justice." (internal quotations and citations omitted)).

The party seeking relief under Rule 60(b) "must make a threshold showing of timeliness,[4] a meritorious claim or defense, and lack of unfair prejudice to the opposing party."

---

[4] Federal Rule of Civil Procedure 60 requires that "[a] motion under Rule 60(b) . . . be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

5

*Coleman v. Jabe,* 633 F. App'x 119, 120 (4th Cir. 2016) (citing *Aikens v. Ingram,* 652 F.3d 496, 501 (4th Cir. 2011) (stating that even a "postjudgment change in decisional law . . . rarely provide[s] sufficiently extraordinary circumstances to justify relief under Rule 60(b)(6)." (citations omitted)).

A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.,* 933 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo,* 731 F.2d 204, 207 (4th Cir. 1984)). Only after a showing of these "exceptional circumstances" may a court find relief under one of the six Rule 60 factors. *Mayfield,* 674 F.3d at 378.

### B. The Court Will Deny the Motion for Relief Because Marathon Has Not Shown a Meritorious Claim, Defense, or Exceptional Circumstances Warranting Relief Under Rule 60(b)

Because Marathon has not shown a meritorious claim, defense, or exceptional circumstances justifying relief, it has not met the threshold requirements for Rule 60(b) relief and the Court will deny the Motion for Relief.[5]

Rule 60 is "not meant to eviscerate the finality of judgments where the reasons for further consideration are less than compelling." *Am. Red Cross,* 21 F.3d at 423. Here, Marathon seeks to eviscerate the finality of this Court's final judgment regarding Certa Pro's Motion to Dismiss on a procedural technicality regarding Certa Pro's alleged failure to set its Motion to Dismiss for

---

Marathon filed the Motion for Relief thirty-five days after the Court entered its June 23, 2020 Memorandum Opinion and Order. Therefore, the Motion for Relief is timely under Rule 60. *See* Fed. R. Civ. P. 60(c)(1).

[5] As Marathon does not meet the threshold requirements for relief under Rule 60(b), the Court will not evaluate Marathon's unsupported assertion that Certa Pro did not contact Chambers to request a hearing, and that Chambers "mistakenly attributed a call from Plaintiff's counsel, as a call from Defendant's counsel." (Mem. Supp. Mot. Relief 3.)

6

a hearing in conjunction with Local Rule 7(E). For the reasons below, Marathon's Motion for Relief does not provide a compelling basis to overturn this Court's June 23, 2020 Order.

> 1. **Marathon Has Not Shown a Meritorious Claim or Defense Because the Plain Text of Local Rule 7(E) Demonstrates that Certa Pro's Motion Was Not Withdrawn and Application of the Local Rules Lies Within This Court's Discretion**

Marathon cannot show a "meritorious claim or defense" under Rule 60(b) because (1) the plain language of Local Rule 7(E) makes clear that Certa Pro's Motion to Dismiss was not automatically withdrawn; and, (2) the application of the Local Rules for the Eastern District of Virginia lies firmly within the discretion of this Court. *Coleman,* 633 F. App'x at 120.

The requirement that a movant show a meritorious claim or defense is "designed to ensure 'that granting [the] relief [sought] will not in the end have been a futile gesture.'" *Clear Sky Car Wash, LLC v. City of Chesapeake Va.*, No. 2:12cv194, 2013 WL 1560358, at *6 (E.D. Va. Apr. 12, 2013) (quoting *Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir. 1990)). Granting relief to Marathon here, however, would be just such a "futile gesture." *Id.* Marathon's argument that Certa Pro's "failure to properly set their motion has caused the motion to be withdrawn by rule," (Mem. Supp. Mot. Relief 7), runs contrary to the law of the Eastern District of Virginia.

First, Marathon cannot show a meritorious claim because Local Rule 7(E) clearly states that "*[u]nless otherwise ordered*, a motion shall be deemed withdrawn if the movant does not set it for hearing . . . ." E.D. Va. Loc. Civ. R. 7(E) (emphasis added). Here, the Court, in its June 23, 2020 Memorandum Opinion and Order, stated that it may properly consider Certa Pro's Motion to Dismiss. Under the plain language of Local Rule 7(E), Certa Pro's Motion to Dismiss was not withdrawn by rule because the Court "otherwise ordered" that it was not. *Id.* Therefore, because the Court ordered that Certa Pro's Motion was not withdrawn, E.D. Va. Loc. Civ. R. 7(E), and because the Local Rules do not impose any temporal restraint on the Court's authority

7

to make that order, Marathon cannot make a meritorious claim that Certa Pro's Motion was withdrawn by rule.

Second, even if Certa Pro failed to comply with Local Rule 7(E), Marathon cannot show a meritorious claim because, as the Chief Judge for the Eastern District of Virginia has explicitly ruled, "[t]he Court has the discretion to forgive violations of the Local Rules." *CertusView Techs., LLC v. S & N Locating Servs.*, LLC, No. 2:13CV346, 2015 WL 4717256, at *4 (E.D. Va. Aug. 7, 2015); *see also Michael v. Sentara Health Sys.*, 939 F. Supp. 1220, 1225 n.3 (E.D. Va. 1996) ("the application of the local rules is within the discretion of the Court . . . .").

In analyzing the arguments before it regarding the Motion for Default, the Court found in its June 23, 2020 Memorandum Opinion and Order that (1) Certa Pro's action in contacting Chambers to schedule a hearing "fulfilled its obligations" under Local Rule 7(E); and, (2) the written materials "adequately present[ed] the facts and legal contentions." (June 23, 2020 Mem. Op. 2 n.2.) On these two bases, the Court denied Marathon's Motion for Default and Motion for Hearing.[6] (*Id.*)

Therefore, even accepting as true Marathon's unsupported claim that Certa Pro never contacted Chambers telephonically seeking an oral hearing, Marathon would still lack a meritorious claim or defense under Rule 60(b). First, Marathon does not address the Court's other ground for denying its motion: that the Court explicitly found a hearing unnecessary as the written materials "adequately present[ed] the facts and legal contentions." (*Id.*) The Court

---

[6] Most litigants before the Richmond Division of this Court do not file specific motions for hearing on civil matters, and Marathon's urged application of Local Rule 7(E), while not unfounded, would risk countless motions being withdrawn without a substantive decision on the merits. As discussed below, such a result would be inconsistent with the clear command of the Fourth Circuit that matters should be decided on their merits and sound judicial practice. The Court will in the future seek to avoid responding to such telephone requests orally.

8

thereby exercised its discretion and declined to enter a procedural default for an alleged failure to request a hearing the Court found unnecessary. Requiring the Court to enter default on such grounds, would "elevate form over substance" and defeat the purpose of the Local Rules in providing for orderly and effectual litigation. *Sentara Health Sys.*, 939 F. Supp. at 1225 n.3 (declining to deem motion withdrawn for failure to comply with Local Rule 10(F)(2) where compliance was "unnecessary in this case, and it would belabor the process to require it").

Second, this Court has the unquestioned "discretion to forgive [any alleged] violation" that did occur. *CertusView Techs.*, 2015 WL 4717256, at *4. At most, then, Marathon's Motion for Relief presents an opportunity for the Court to reconsider the arguments Marathon previously raised concerning Local Rule 7(E). Indeed, Marathon's Motion for Relief repeats, nearly verbatim, many of the arguments it made in support of its Motion for Default.[7]

The Court has already considered, and declined to endorse, Marathon's argument that Local Rule 7(E) is mandatory and that Certa Pro's Motion was withdrawn by rule. And a "request for the district court to 'change its mind' is not a meritorious claim or defense under Rule 60(b)." *Clear Sky Car Wash*, 2013 WL 1560358, at *6 (internal quotation and citation omitted). While Marathon might disagree with the Court's application of its discretion on this matter, a disagreement over the manner in which the Court exercises its discretion is not proper grounds for a Rule 60(b) motion. *See Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (stating that a motion for relief is improper when it asks the Court to "rethink what the Court had already thought through—rightly or wrongly"). Because Marathon's Motion for Relief asks this Court to reconsider its previous application of its

---

[7] Compare Marathon's Reply in support of its Motion for Default ¶ 4, ECF No. 24, with Marathon's Memorandum in Support Motion for Relief at 7 (setting forth identical paragraphs arguing why Certa Pro's Motion to Dismiss was withdrawn under Local Rule 7(E)).

9

discretion concerning the Local Rules, it fails to present a meritorious claim or defense sufficient to justify relief under Rule 60.

Because Marathon's Motion for Relief cannot show a "meritorious claim or defense" that would merit relief from this Court's decision, *Coleman,* 633 F. App'x at 120, Marathon has not met the second threshold requirement for Rule 60(b) relief.

### 2. Marathon Has Not Shown Exceptional Circumstances Justifying Relief Under Rule 60(b) Because Relief Would Run Contrary to the Fourth Circuit's Strong Preference for a Decision on the Merits

Second, Marathon cannot show "exceptional circumstances" justifying relief under Rule 60(b) because any relief would run contrary to the Fourth Circuit's command that matters should be decided substantively and on their merits. *Mayfield,* 674 F.3d at 378.

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal,* 616 F.3d 413, 417 (4th Cir. 2010). "[T]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Fayetteville Inv'rs v. Commercial Builders, Inc.,* 936 F.2d 1462, 1467 (4th Cir. 1991) (quoting *Conley v. Gibson,* 355 U.S. 41, 48 (1957)).

The Court found that Marathon failed to state a claim upon which relief could be granted. To set aside that final judgment, which Marathon has not appealed or otherwise challenged,[8] on

---

[8] In its Motion for Relief, Marathon argues that in Virginia state court "plaintiffs have a right to amend their pleading . . . making an outright dismissal with prejudice an unfair resolution." (Mem. Supp. Mot. Relief 5.) Marathon adds that it "did not ask for this case to be heard in the Federal Courts, so for the Court to dismiss this case without an opportunity to amend the Complaint so that it may be better suited for this new forum, for which the Complaint was never intended; is fundamentally unfair." (*Id.* 6.)

10

Certa Pro's alleged failure to set the matter in motion for a hearing would run contrary to this express command that "claims and defenses be disposed of on their merits," *Hoover Universal*, 616 F.3d at 417, and turn the Local Rules into a "game of skill" rather than a process "to facilitate a proper decision on the merits." *Fayetteville Inv'rs*, 936 F.2d at 1467 (quoting *Conley*, 355 U.S. at 48).

While the Court may grant Rule 60(b) relief "where appropriate to accomplish justice," *Compton*, 608 F.2d at 101–02, the record demonstrates that granting Marathon's Motion for Relief would have the opposite effect and overturn a decision on the merits in favor of a default on a procedural technicality. Even if Marathon presented a meritorious claim or defense under Rule 60(b)—which it does not—it does not show "extraordinary circumstances" that would justify overturning a substantive judgment on the merits on a procedural technicality for an alleged failure to request a hearing. *Mayfield*, 674 F.3d at 378.

Under this precedent, the Court finds that Marathon has not shown exceptional circumstances warranting overturning the Court's June 23, 2020 Order, and thus cannot make a

---

Through these statements, Marathon appears to not only challenge the Court's June 23, 2020 Memorandum Opinion and Order, but the overall "fairness" of the Court's application of the Federal Rules following its prior decision denying Marathon's Motion to Remand to state court. (*Id.* 6 n.12.) The Court notes that Marathon has not appealed this Court's June 23, 2020 Order dismissing its claims against Certa Pro, nor did it file a motion seeking leave to amend its Complaint. It thus has not sought review or challenged the Court's substantive dismissal of its claims in any way, but only seeks reconsideration, and default judgment, on a procedural technicality concerning a matter of discretion in the Local Rules.

Even now, four months after the Court dismissed Marathon's Complaint, Marathon has not sought leave to amend. Fed. R. Civ. P. 15(a). The Court knows it may freely give leave to amend a complaint after granting dismissal for failure to state a claim if new allegations would support a viable cause of action. *See Scott v. Family Dollar Stores Inc.*, 733 F.3d 105, 112 (4th Cir. 2013.) Marathon has not presented the Court with any new allegations in the instant motions or a proposed amended complaint. While this Court typically dismisses an initial complaint without prejudice, it did not do so here because the terms of the contract control the disposition of the case. Absent different factual allegations, the Court finds no basis to alter its conclusion.

11

threshold showing under Rule 60(b). Because Marathon has not met the threshold requirements for relief under Rule 60(b), the Court will deny its Motion for Relief.

### C. The Court Will Also Deny the Motion for Oral Hearing and Motion to Reopen Case

The Court will also deny Marathon's Motion for Oral Hearing and Motion to Reopen Case. First, because the Court finds that the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process, the Court finds a hearing on the Motions at bar unnecessary and will deny Marathon's Motion for an Oral Hearing. (ECF No. 33.) Second, because the Court has denied Marathon's Motion for Relief, and Marathon presents no other grounds for reopening its case, the Court will deny Marathon's Motion to Reopen Case. (ECF No. 30.)

### III. Conclusion

For the foregoing reasons, the Court will deny the Marathon Motion for Relief, (ECF No. 28), the Marathon Motion to Reopen Case, (ECF No. 30), and the Marathon Motion for Oral Hearing, (ECF No. 33).

An appropriate order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 10/29/20
Richmond, Virginia